IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No:   26-06915 |
| | ) | |
| Cristian Borlovan | ) | |
| | ) | Chapter 13 |
| | ) | |
| | ) | |
| | ) | Judge:   Nancy A Peterman |
| Debtor(s) | ) | |

TO:   Trustee Marilyn O. Marshall, 224 S. Michigan Ave., Suite 800, Chicago, IL 60604; served via electronic court notification;

See attached Service List, served via U.S. Mail.

**PROOF OF SERVICE**

The undersigned, an attorney, certifies that he transmitted a copy of this notice and the attached Amended Chapter 13 Plan to the above-named creditor and also to the attached service list via regular U.S. Mail with postage prepaid from the mailbox located at 4131 Main St. Skokie, IL 60076, on July 17, 2026.

/s/ *David H. Cutler*
David H Cutler
Attorney for the Debtor
Cutler & Associates, Ltd.
4131 Main St.
Skokie, IL 60076
Phone: (847) 673-8600

Label Matrix for local noticing
0752-1
Case 26-06915
Northern District of Illinois
Eastern Division
Fri Jul 17 17:33:25 CDT 2026

Capital One Auto Finance a division of Capi
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

Lakeview Loan Servicing, LLC
c/o McCalla Raymer Leibert Pierce, LLP
Bankruptcy Department
333 West Wacker Drive Suite 1820
Chicago, IL 60606-1220

U.S. Bankruptcy Court
Eastern Division
219 S Dearborn
7th Floor
Chicago, IL 60604-1702

Adelman & Associates
Attn Bankruptcy
800 W 6th
Los Angeles, CA 90017-2704

Blitt & Ganes
775 Corporate Woods Parkway
Vernon Hills, IL 60061-3112

Capital One
AttN: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130-0285

Capital One Auto Finance
Capital One Auto Finance, Attn: Bk
7933 Preston Rd
Plano, TX 75024-2302

Capital One Auto Finance, a division of
AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

Capital One, N.A.
by AIS InfoSource LP as agent
4515 N Santa Fe Ave
Oklahoma City, OK 73118-7901

Chase Card Services
Attn: Bankruptcy
Po Box 15299
Wilmington, DE 19850-5299

Citibank
Attn: Bankruptcy Department
P.O.Box 790046
St. Louis, MO 63179-0046

Citibank/The Home Depot
Citicorp Cr Srvs
PO Box 790040
St Louis, MO 63179-0040

Costco Citi Card
Attn: Bankruptcy
Po Box 6500
Sioux Falls, SD 57117-6500

Credence Resource Management LLC
Attn Bankruptcy
PO Box 2147
Southgate, MI 48195-4147

Discovercard
Po Box 30939
Salt Lake City, UT 84130-0939

(p)FORD MOTOR CREDIT COMPANY
P O BOX 62180
COLORADO SPRINGS CO 80962-2180

Ford Motor Credit Company LLC
ATt Bankruptcy Dept
One American Road
Dearborn, MI 48126-2701

Ford Motor Credit Company LLC
c/o Blitt & Gaines, PC
775 Corporate Woods Pkwy
Vernon Hills, IL 60061-3112

(p)ILLINOIS DEPARTMENT OF REVENUE
BANKRUPTCY UNIT
PO BOX 19035
SPRINGFIELD IL 62794-9035

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

JPMorgan Chase Bank, N.A.
s/b/m/t Chase Bank USA, N.A.
Robertson, Anschutz, Schneid,
Crane & Partners, PLLC
6409 Congress Avenue, Suite 100
Boca Raton, FL 33487-2853

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Lakeview Loan Servicing, LLC
Rocket Mortgage, LLC
Bankruptcy Department
PO Box 619096
Dallas TX 75261-9096

Lakeview Loan Servicing, LLC
Valon Mortgage, Inc.
9450 SW Gemini Dr. PMB 28754
Beaverton, OR 97008-7105

Mrc/united Wholesale M
Attn: Bankruptcy
P.O. Box 619098
Dallas, TX 75261-9098

Nordstrom Signature Visa
Attn: Bankruptcy
Po Box 6555
Englewood, CO 80155-6555

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Palisades Collection, LLC
210 Sylvan Avenue
Englewood Cliffs, NJ 07632-2510

Resurgence Legal Group PC
3000 Lakeside Drive
Suite 309-S
Deerfield, IL 60015-1249

TD Bank, N.A.
PO Box 1931
Burlingame, CA 94011-1931

(p)U S SMALL BUSINESS ADMINISTRATION
ATTN BK NOTICES
332 S MICHIGAN AVE SUITE 600
CHICAGO IL 60604-4318

Adam G. Brief
Office of the U. S. Trustee, Region 11
219 South Dearborn
Room 873
Chicago, IL 60604-2027


Cristian Borlovan
926 W 34th Place
Chicago, IL 60608-6718

David H Cutler
Cutler & Associates, Ltd.
4131 Main St.
Skokie, IL 60076-2780

Marilyn O Marshall
224 South Michigan Ste 800
Chicago, IL 60604-2503


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Ford Motor Credit Company
P.O. Box 537901
Livonia, MI 48153-7901

Illinois Department of Revenue
PO Box 19035
Springfield, IL 62794-9035

PORTFOLIO RECOVERY ASSOCIATES, LLC
POB 41067
Norfolk, VA 23541


U.S. Small Business Administration
Att: Bankruptcy Notices
332 S. Michigan Avenue, Suite 600
Chicago, IL 60604


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(d)Capital One Auto Finance, a division of Ca
4515 N. Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

(d)Lakeview Loan Servicing, LLC
c/o McCalla Raymer Leibert Pierce, LLP
Bankruptcy Department
333 West Wacker Drive Suite 1820
Chicago, IL 60606-1220

End of Label Matrix
Mailable recipients    35
Bypassed recipients     2
Total                  37

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Cristian  Borlovan** |
| | First Name        Middle Name                    Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name        Middle Name                    Last Name |
| United States Bankruptcy Court for the: | **NORTHERN DISTRICT OF ILLINOIS** |
| Case number: | **26-06915** |
| (If known) | |

■ Check if this is an amended plan, and list below the sections of the plan that have been changed.
**1.1, 2.1, 2.5, 3.1, 3.2, 4.2, 4.4, 5.1**

Official Form 113
**Chapter 13 Plan**                                                                                              **12/17**

---

<table><tr><td>Part 1:</td><td>Notices</td></tr></table>

**To Debtor(s):**    **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies*

**To Creditors:**    **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | ■ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4.** | ☐ Included | ■ Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ■ Included | ☐ Not Included |

---

<table><tr><td>Part 2:</td><td>Plan Payments and Length of Plan</td></tr></table>

**2.1**      **Debtor(s) will make regular payments to the trustee as follows:**

**$490.00** per **Month** for **3** months
**$557.00** per **Month** for **1** months
**$956.00** per **Month** for **56** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2**      **Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*
☐      Debtor(s) will make payments pursuant to a payroll deduction order.
■      Debtor(s) will make payments directly to the trustee.
☐      Other (specify method of payment):

**2.3 Income tax refunds.**

| Debtor | **Cristian Borlovan** | Case number | **26-06915** |

*Check one.*

☐   Debtor(s) will retain any income tax refunds received during the plan term.

☐   Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

■   Debtor(s) will treat income refunds as follows:

**On or before April 20th of the year following the filing of the case and each year thereafter, the Debtor(s) shall submit a copy of the prior year's filed federal tax return to the Chapter 13 Trustee. The Debtor(s) shall tender the amount of any tax refund received while the case is pending in excess of $1,200 to the Trustee. The tax refunds shall be treated as additional payments into the plan and must be submitted within 7 (seven) days of receipt of each such refunds by the Debtor(s).**

**2.4 Additional payments.**
*Check one.*

■   **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5**   **The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $55,563.00.**

| Part 3: | **Treatment of Secured Claims** |

**3.1**   **Maintenance of payments and cure of default, if any.**

*Check one.*

☐   **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

■   The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| **Capital One Auto Finance** | **2019 Ford F 150 160000 miles Valued via KBB** | **$398.60** Disbursed by: ☐ Trustee ■ Debtor(s) | Prepetition: **$0.00** | **0.00%** | **$0.00** | **$0.00** |
| **Lakeview Loan Servicing, LLC** | **926 W 34th Place Chicago, IL 60608 Cook County Primary residence, 2 flat. Debtors family live on one floor and pay rent. Valued based on CMA average value of $500,000 to $525,000. Debtor is only one on title** | **$2,243.84** | Prepetition: **$0.00** | **0.00%** | **$0.00** | **$0.00** |

Official Form 113                    **Chapter 13 Plan**                    Page 2

| Debtor | **Cristian Borlovan** | Case number | **26-06915** |
|---|---|---|---|

Disbursed by:
☐ Trustee
■ Debtor(s)

*Insert additional claims as needed.*

**3.2**   **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☐   **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
   ***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

■   The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

   The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

   The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

   (a) payment of the underlying debt determined under nonbankruptcy law, or

   (b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| **U.S. Small Business Administration** | **$2,000.00** | **Debtor's personal property** | **$2,000.00** | **$0.00** | **$2,000.00** | **3.75%** | **$36.61** | **$2,196.43** |

*Insert additional claims as needed.*

**3.3**   **Secured claims excluded from 11 U.S.C. § 506.**

   *Check one.*
   ■   **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4**   **Lien avoidance**.

*Check one.*
   ■   **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5**   **Surrender of collateral.**

   *Check one.*
   ■   **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

| Part 4: | **Treatment of Fees and Priority Claims** |
|---|---|

**4.1**   **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

| Debtor | **Cristian Borlovan** | Case number | **26-06915** |
|--------|----------------------|-------------|--------------|

**4.2**   **Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **6.00**% of plan payments; and during the plan term, they are estimated to total $**3,333.78**.

**4.3**   **Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**5,525.00**.

**4.4**   **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☐         **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
■         The debtor(s) estimate the total amount of other priority claims to be **$4,027.48**

**4.5**   **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
■         **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

---

| Part 5: | **Treatment of Nonpriority Unsecured Claims** |
|---------|------------------------------------------------|

**5.1**   **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐         The sum of $        .
■         **10.00**   % of the total amount of these claims, an estimated payment of $   **40,480.31**   .
■         The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $   **9,814.22**   . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2**   **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

■         **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3**   **Other separately classified nonpriority unsecured claims.** *Check one*.

■         **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

---

| Part 6: | **Executory Contracts and Unexpired Leases** |
|---------|-----------------------------------------------|

**6.1**   **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

■         **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

---

| Part 7: | **Vesting of Property of the Estate** |
|---------|----------------------------------------|

**7.1**   **Property of the estate will vest in the debtor(s) upon**
*Check the applicable box:*
☐      plan confirmation.
■      entry of discharge.

---

Official Form 113                                 **Chapter 13 Plan**                                 Page 4

| Debtor | **Cristian Borlovan** | Case number | **26-06915** |

☐   other: _____

---

**Nonstandard Plan Provisions**

**8.1       Check "None" or List Nonstandard Plan Provisions**

☐        **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.***
**Mortgage creditors and their servicers are authorized to (a) communicate directly with debtor regarding any matter as required by Section 805(a)(2) of the FDCPA, (b) continue to accept electronic payments as set out in Section 3.1 of the plan, and (c) send monthly statements, tax, escrow and insurance payments notices directly to debtor as required by 12 CFR Sec. 1026.41(a)(2).**

---

**Part 9:**   **Signature(s):**

**9.1        Signatures of Debtor(s) and Debtor(s)' Attorney**
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional.  The attorney for Debtor(s), if any, must sign below.*

X   **/s/ Cristian Borlovan**                                          X   _____
      **Cristian Borlovan**                                                   Signature of Debtor 2
      Signature of Debtor 1

      Executed on    **July 16, 2026**                          Executed on    _____

X   **/s/ David H. Cutler**                          Date   **July 16, 2026**
      **David H. Cutler**
      Signature of Attorney for Debtor(s)

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

---

Debtor   **Cristian Borlovan**                                      Case number   **26-06915**

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | **$0.00** |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | **$2,196.43** |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | **$0.00** |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | **$0.00** |
| e. | **Fees and priority claims** *(Part 4 total)* | **$12,886.26** |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | **$40,480.31** |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | **$0.00** |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | **$0.00** |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | **$0.00** |
| j. | **Nonstandard payments** *(Part 8, total)* + | **$0.00** |

**Total of lines a through j**                                                                       **$55,563.00**